039806/01245/MHW/JFM

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

JASON RICHEY,

        Plaintiff,

v.

SALEH OBAISI and WEXFORD HEALTH SOURCES, INC.,

        Defendants.

Case Number 14-cv-9399

Judge Matthew F. Kennelly

### FED. R. CIV. P. 56 MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS,, WEXFORD HEALTH SOURCES, INC. AND SALEH OBAISI, M.D. (DECEASED)

NOW COME the Defendants, WEXFORD HEALTH SOURCES, INC. and SALEH OBAISI, M.D. (Deceased)[1], by and through their attorneys, Matthew H. Weller and James F. Maruna, of CASSIDAY SCHADE LLP, and for their Fed. R. Civ. P. 56 Motion for Summary Judgment, state as follows:

1. The Defendants have consented to this Court's jurisdiction and venue by admission in their Answer to Plaintiff's Amended Complaint. *See* Defendants' L.R. 56.1 Statement of Facts, ("SOF"), at ¶ 1.

2. Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). After a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "A mere scintilla of evidence" in support of the non-movant's position is insufficient; a party will only be successful in opposing summary judgment "when it

---

[1] A suggestion of death has been filed upon the record regarding Dr. Obaisi. [Dkt. # 89]. At present, Plaintiff has not moved to substitute Dr. Obaisi's Estate in as the proper party.

presents definite, competent evidence to rebut the motion." *Essex v. United Parcel Serv. Inc.,* 111 F.3d 1304, 1308 (7th Cir. 1997).

3. In order to prevail on a Section 1983 claim, the Plaintiff must show that Dr. Obaisi acted with deliberate indifference to his serious medical need or condition. *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). The burden of proof rests on the Plaintiff. *Id.* The United States Supreme Court has articulated a three-part test for proving deliberate indifference. The Plaintiff must prove: (1) the existence of an objective, serious medical need; (2) that the defendant was subjectively aware of a specific, serious medical need or risk; and (3) that the defendant demonstrated a culpable mental state by deliberately ignoring the plaintiff's alleged need or risk. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994); *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996).

4. In order to defeat this Motion, Plaintiff must first prove the existence of an objective, serious medical need. *Estelle,* 429 U.S. at 107; *Sellers,* 41 F.3d at 1102; *Vance,* 97 F.3d at 991. A serious medical need is an objective, life-threatening situation, or a risk of needless pain or lingering disability that went untreated, which would have been so obvious that even a lay person would perceive the need for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). As the Seventh Circuit has held, not "every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim." *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997).

5. Here, the Plaintiff's reports of pain varied in intensity over time. (SOF at ¶ 64). Moreover, despite claiming that he was in pain, the Plaintiff refused to take his pain medications on seven (7) occasions, as is documented in his medical chart. (SOF at ¶ 65). On more than one

occasion, the Plaintiff voluntarily declined to see Dr. Obaisi for a scheduled medical appointment, and instead chose to go to the prison yard for recreation. (SOF at ¶ 47, 50).

6. Second, Dr. Obaisi lacked subjective notice of an excessive risk to the Plaintiff's health. The second element of a deliberate indifference claim – subjective notice – requires that "[a] plaintiff must provide evidence that an official actually knew of and disregarded a substantial risk of harm." *Petties v. Carter,* 836 F.3d 722, 728 (7th Cir. 2016).

7. Here, Dr. Obaisi is a board-certified general surgeon. (SOF at ¶ 4). He reviewed multiple MRI's of the Plaintiff's back that showed no neural compression of the spine. (SOF at ¶ 40, 53). He also reviewed reports where the Plaintiff reported to other medical providers that the epidural injections reduced his pain complaints by almost fifty percent (50%). (SOF at ¶ 55) (Plaintiff's report that his pain level dropped from "9/10" to "5/10" following the medical branch block). Finally, as Dr. Obaisi explained, the pain management physicians at UIC are capable of making a referral to another medical service - such as spinal surgery - if consultation or a second opinion on the course of treatment is needed. (SOF at ¶ 70).

8. Third, the Plaintiff's deliberate indifference claim against Dr. Obaisi also fails because the undisputed facts show that Dr. Obaisi complied with all applicable community standards of medical care in treating the Plaintiff. The third element of a deliberate indifference claim is that the defendant demonstrated a culpable mental state by deliberately ignoring the plaintiff's alleged need or risk. *Estelle,* 429 U.S. at 107. In order to infer the required culpability for the serious claim of deliberate indifference based on a medical professional's care, the medical professional's decision must be so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment. *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

3

9. Here, this case represents a classic dispute about medical judgment. The Plaintiff alleges that Dr. Obaisi failed to "provide competent and professional medical treatment". (SOF at ¶ 1). As noted, Dr. Obaisi secured the Plaintiff three (3) MRIs; a consultation with a spinal surgeon at Midland Orthopedic Associates; three (3) years of epidural injections under the direction of UIC's pain management physicians; and a radiofrequency nerve ablation procedure. (SOF at ¶¶ 27-55). There can be no dispute that the Plaintiff has received *some* treatment for his back, he just believes that it is the wrong treatment, and he needs surgery. However, a prisoner's disagreement with the doctor's medical judgment does not amount to deliberate indifference. *Berry,* 604 F.3d at 441; *Forbes*, 112 F.3d at 267.

10. Moreover, the Plaintiff produced no verifying medical testimony establishing his claims that Dr. Obaisi's, alleged, inadequate or delayed medical treatment detrimentally caused him harm. Succinctly, Plaintiff's claim boils down to a claim that Dr. Obaisi either provided inadequate treatment, or that recommending conservative treatment from 2014 to 2018 in lieu of a surgical consultation led to delayed treatment that caused harm. *See Langston v. Peters*, 100 F.3d 1235, 1240-41 (7th Cir. 1996) ("an inmate who complains that a delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed"); *Napier v. Madison County*, 238 F.3d 739, 742 (6th Cir. 2001) (finding that a plaintiff must have such "verifying medical evidence" when the deliberate indifference claim is based on the alleged failure to treat a condition adequately); *see also, High,* 2000 U.S. Dist. LEXIS 7117 at * 31 ("[L]acking medical expertise, neither the court nor Plaintiff can second-guess the judgment of a trained medical professional that… conservative treatment was appropriate.").

4

11. Turning to the Plaintiff's claim against Wexford, the Plaintiff has failed to prove his claim against Wexford Health Sources, Inc. First, the Plaintiff, impermissibly, sues Wexford under a theory of *respondeat superior* liability. The doctrine of *respondeat superior* liability does not apply to actions filed under 42 U.S.C. § 1983, including against private corporations like Wexford. *Pacelli v. Devito*, 972 F.2d 871, 877 (7th Cir. 1992); *see also Iskander v. Forest Park*, 690 F.2d 126, 127 (7th Cir. 1982).

12. Second, Even if the Plaintiff had pled *Monell* liability against Wexford, which he did not, the Plaintiff has still failed to identify any unconstitutional policy or widespread practice by Wexford that caused him harm. Private corporations acting under color of state law, like municipalities, may be held liable for injuries resulting from unconstitutional policies or practices. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). In order to recover against a corporate defendant under § 1983, a plaintiff must make two showings. First, the Plaintiff must show that an unconstitutional policy or widespread practice exists, and second, the Plaintiff must show that deliberate indifference occurred because of that unconstitutional policy or widespread practice. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80 (1986).

13. Here, the Plaintiff has produced no evidence of a Wexford policy, nor does he have any discussion of how other inmates were treated to show an unconstitutional widespread practice. *Grieveson v. Anderson,* 538 F.3d 763, 774 (7th Cir. 2008). Thus, he cannot make his required showings of proof to support *Monell* liability against Wexford.

14. Finally, even if the Plaintiff actually pled a *Monell* claim - which he did not - Plaintiff's claim against Wexford would still fail because he cannot establish underlying deliberate indifference against the individual defendant, Dr. Obaisi, for the reasons stated above.

5

*See Pyles v. Fahim,* 771 F.3d 403, 412 (7th Cir. 2014) (holding that Wexford was not liable for damages because there was no underlying constitutional violation).

15. Last, even if this Court finds that a question of facts exists as to Plaintiff's deliberate indifference claim, it should still grant summary judgment to Dr. Obaisi on Plaintiff's punitive damages claim. Punitive damages may be awarded under 42 U.S.C. § 1983 only "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Schaub v. VonWald*, 638 F.3d 905, 922-23 (8th Cir. 2011). Dr. Obaisi testified that he never intended to cause the Plaintiff any harm, and that he only desired the best possible medical outcome for the Plaintiff. (SOF at ¶ 68-69).

16. The Defendants incorporate their Memorandum of Law and Local Rule 56.1 Statement of Undisputed Facts, and accompanying exhibits, filed concurrently with this Motion for Summary Judgment.

WHEREFORE, Defendants, WEXFORD HEALTH SOURCES, INC. and SALEH OBAISI, M.D. (deceased), pray that this Honorable Court enter an Order granting Summary Judgment in their favor, dismissing the case with prejudice against Plaintiff, awarding fees and costs, and for any other relief deemed just.

Respectfully submitted,

WEXFORD HEALTH SOURCES, INC. and
SALEH OBAISI, M.D. (deceased)

By: /s/ James F. Maruna
Matthew H. Weller / ARDC No. 6278685
James F. Maruna / ARDC No. 6313433
CASSIDAY SCHADE, LLP
20 N. Wacker Drive, Suite 1000
Chicago, IL 60606

(312) 641-3100
(312) 444-1669 - Fax
mweller@cassiday.com
jmaruna@cassiday.com

*Counsel for Defendants, Wexford Health Sources, Inc. and Saleh Obaisi, M.D. (deceased)*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2018 I electronically filed the foregoing document with the clerk of the court for the Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

/s/ James F. Maruna

8889657 JMARUNA